# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Fernando M. BROWN
### Chief Machinery Technician (E-7), U.S. Coast Guard

### CGCMSP 25002
### Docket No. 001-69-21

### 19 July 2024

Special court-martial sentence adjudged on 21 October 2020.

| | |
|---|---|
| Military Judge: | CAPT Ted R. Fowles, USCG |
| Appellate Defense Counsel: | LCDR Kristen R. Bradley, USCG |
| | Mr. Scott Hockenberry, Esq. |
| Appellate Government Counsel: | LT Christopher J. Hamersky, USCG |
| | Mr. John P. Nolan, Esq. |

### BEFORE
### McCLELLAND, BRUBAKER & MANNION
Appellate Military Judges

McCLELLAND, Chief Judge:

A military judge sitting as a special court-martial convicted Appellant, contrary to his pleas, of three specifications of disrespect toward a petty officer and one specification of violation of a lawful general order prohibiting sexual harassment, in violation of Articles 91 and 92, Uniform Code of Military Justice (UCMJ). The court sentenced Appellant to reduction to E-4, a reprimand, and restriction for thirty days. The convening authority approved the sentence. Judgment was entered accordingly. Approving Appellant's timely application, the Judge Advocate General, U.S. Coast Guard, sent the case to this Court pursuant to Article 69(d), UCMJ.[1]

---

[1] An apparent scrivener's error in Article 69 cast doubt on the Judge Advocate General's action and our jurisdiction. The Court of Appeals for the Armed Forces has dispelled that doubt. *United States v. Parino-Ramcharan* (C.A.A.F. July 1, 2024).

On 6 June 2022, this Court rendered a decision, setting aside the finding of guilty of sexual harassment and affirming the three specifications of disrespect toward a petty officer; and we reassessed the sentence. *United States v. Brown*, 82 M.J. 702 (C.G. Ct. Crim. App. 2022). On 10 January 2024, the Court of Appeals for the Armed Forces reversed the findings of guilty as to two of the disrespect specifications and remanded the case to this Court to either reassess the sentence or order a sentence rehearing. *United States v. Brown*, 84 M.J. 124 (C.A.A.F. 2024).

In view of the reduction in the findings of guilty, we must again, as we did in our earlier opinion, determine whether we can reassess the sentence or whether a rehearing is necessary. To reassess, "we must be able to 'reliably and confidently determine that, absent the error, the sentence would have been at least of a certain magnitude.'" *Brown*, 82 M.J. at 711 (quoting *United States v. Hernandez*, 78 M.J. 643, 647 (C.G. Ct. Crim. App. 2018)).

The parties agree that we should affirm no greater sentence than a reprimand and restriction for thirty days. We are certain that, with the single conviction for disrespect, the sentence would have been at least a reprimand and restriction for thirty days. This is an appropriate sentence.

**Decision**

Only so much of the sentence as provides for a reprimand and restriction for thirty days is approved. The current reprimand, which references the sexual harassment conviction, is set aside. A revised reprimand shall be substituted. We determine that the remaining findings and the newly reassessed sentence are correct in law and, on the basis of the entire record, should be approved. Accordingly, the remaining findings of guilty and the sentence, as reassessed, are affirmed.

Judges BRUBAKER and MANNION concur.



For the Court,

Sarah P. Valdes
Clerk of the Court